KENNARD, Acting C. J.,
Concurring.—I concur in the majority opinion, except for its analysis concerning the exclusion of defendant’s rebuttal victim impact evidence. (Maj. opn., ante, at pp. 564-566.) On that issue, I agree with the majority that the trial court did not err in excluding the evidence defendant offered to rebut the prosecution’s victim impact evidence, a conclusion that is consistent with the views I expressed in my concurring and dissenting opinion in People v. Harris (2005) 37 Cal.4th 310, 372-376 [33 Cal.Rptr.3d. 509, 118 P.3d 545], Defendant here did not seek to introduce the evidence in question as evidence pertaining to the circumstances of the crime *572 under Penal Code section 190.3, subdivision (a), and it was not relevant to rebut the prosecution’s limited victim impact evidence. (People v. Harris, supra, 37 Cal.4th at pp. 372-376 (conc. & dis. opn. of Kennard, J.).)
Appellant’s petition for a rehearing was denied April 16, 2014. Cantil-Sakauye, C. J., did not participate therein.